IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | NO. 11-32-1 |
| v. | : | |
| | : | CIVIL ACTION |
| TAUKEEQ SADAT | : | NO. 16-2813 |

### MEMORANDUM

**Judge Juan R. Sánchez**                                                                 **March 18, 2024**

Taukeeq Sadat filed a motion under 28 U.S.C. § 2255 seeking to vacate his conviction and sentence for using and carrying, and aiding and abetting the use and carrying of, a firearm during a crime of violence, in violation of 18 U.S.C. §§ 924(c) and 2. At issue is whether the predicate offense for Sadat's § 924(c) conviction – completed Hobbs Act robbery – qualifies as a crime of violence following the Supreme Court's decisions in *Johnson v. United States*, 576 U.S. 591 (2015), and *United States v. Davis*, 139 S. Ct. 2319 (2019). Because in *United States v. Stoney*, 62 F.4th 108 (3d Cir. 2023), the Third Circuit Court of Appeals definitively held that it does, Sadat's motion shall be denied.

**FACTUAL BACKGROUND**

On January 13, 2011, Sadat, along with a co-defendant, was charged in a three-count Indictment with one count each of conspiracy to commit Hobbs Act robbery and Hobbs Act robbery, both in violation of 18 U.S.C. § 1951(a), and using and carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1). He was also charged with aiding and abetting liability pursuant to 18 U.S.C. § 2. These charges arose out of the gunpoint robbery of a used car dealership in Philadelphia on July 13, 2010. On that date, after purporting

1

to negotiate the sale price of a vehicle, Sadat and his co-defendant brandished handguns to force three dealership employees to lie on the floor while they seized some $2,500 in cash, bank cards, a laptop computer, and a cell phone.  Sadat pled guilty to all the charges against him on October 13, 2011 and was sentenced on May 2, 2012 to a total of 36 months' imprisonment on the conspiracy and robbery charges (Counts One and Two), and a mandatory consecutive term of 84 months on the § 924(c) offense (Count Three).

On June 7, 2016, Sadat, represented by the Federal Community Defender Office, filed the instant § 2255 motion based on the Supreme Court's then-recent decision in *Johnson v. United States*.  In that case, the Supreme Court invalidated the "residual clause" in the definition of a "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii) as unconstitutionally vague and held that imposing an increased sentence under the clause violated due process.  *See Johnson*, 576 U.S. at 597, 606.  Sadat asserted *Johnson* applied with equal force to the similarly-worded residual clause in the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B), with the result that Hobbs Act robbery no longer qualified as a crime of violence under the statute.[1]  Initially, Sadat's motion was stayed pursuant to a court-wide Administrative Order and on June 28, 2021, the Court ordered the motion to remain stayed pending the resolution of the relevant issues by the appellate courts.  Because *United States v. Stoney* is now final, the stay is properly lifted and this motion adjudicated.

---

[1]  The Indictment identified *both* conspiracy to commit Hobbs Act robbery *and* Hobbs Act robbery as predicate offenses for Sadat's § 924(c)(1) charge, and as noted, Sadat pled guilty to both offenses.  While Sadat's argument that conspiracy to commit Hobbs Act robbery does not qualify as a "crime of violence" has merit, *see, e.g., United States v. Barrett*, 937 F.3d 126 (2d Cir. 2019), *abrogated on other grounds by Lora v. United States*, 143 S. Ct. 1713 (2023), *Brown v. United States*, 942 F.3d 1069 (11th Cir. 2019); *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019), it is irrelevant for purposes of this motion given his admission that he also committed Hobbs Act robbery.

**DISCUSSION**

Under 28 U.S.C. § 2255, a prisoner in federal custody may move the sentencing court to vacate, set aside or correct the sentence if it was imposed in violation of the Constitution or laws of the United States, if the court was without jurisdiction to impose the sentence, if it exceeded the maximum allowed by law, or if it "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Pursuant to § 2255(b), a district court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case *conclusively show* that the prisoner is entitled to no relief." *United States v. Scripps*, 961 F.3d 626, 631-32 (3d Cir. 2020) (citation omitted). In evaluating whether a hearing is necessary, the court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record." *Gov't of the V.I. v. Forte*, 865 F.2d 59, 62 (3d Cir. 1989). While the threshold for obtaining an evidentiary hearing on a § 2255 motion is "reasonably low," *United States v. Booth,* 432 F.3d 542, 546 (3d Cir. 2005) (citation omitted), "vague and conclusory allegations" in the motion "may be disposed of without further investigation by the District Court." *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Because it is clear from the record of this case that Sadat is not entitled to any relief, an evidentiary hearing is not necessary.

Section 924(c) "authorizes heightened criminal penalties for using or carrying a firearm 'during and in relation to,' or possessing a firearm 'in furtherance of,' any federal 'crime of violence.'" *Davis*, 139 S. Ct. at 2324 (quoting § 924(c)(1)(A)). A "crime of violence" is an offense that is a felony and:

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B)  that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.§ 924(c)(3).

In *Davis*, decided while Sadat's § 2255 motion was pending, the Supreme Court held subsection (B) of this definition – § 924(c)'s residual clause – was unconstitutionally vague. 139 S. Ct. at 2336. The validity of Sadat's § 924(c) conviction thus turns on whether the predicate offense of Hobbs Act robbery qualifies as a crime of violence under subsection (A), the statute's "elements clause." *See Stoney*, 62 F.4th at 111 n.2 (recognizing that, after *Davis*, "only § 924(c)(3)(A), the 'elements clause,' contemplates whether a felony offense qualifies as a crime of violence").

The Third Circuit decided this very issue in *Stoney*, holding "a completed Hobbs Act robbery requires proof of the 'use, attempted use, or threatened use of physical force'" and is thus "categorically a crime of violence under § 924(c)(3)(A)." *Id.* at 113-14 (quoting 18 U.S.C. § 924(c)(3)(A)). Sadat's § 924(c)(1) conviction therefore remains valid and his motion to vacate the conviction and his resultant sentence must be denied. Further, in view of the unanimity of Circuit authority on this issue, *see id.*, there are no grounds to issue a certificate of appealability in this case, as Sadat has not shown and cannot show that reasonable jurists would find the Court's assessment of his constitutional claims to be debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sánchez
_____
Juan R. Sánchez,          J.